IRVING P. ROSWELL vs. WILLARD C. STILSON & another.

Suffolk. December 3, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

In a suit to establish a trust in land, the plaintiff relied on a written agreement signed and sealed by the defendant. The presiding judge found as a fact that this written agreement " was subsequently to the time of execution thereof and before the bringing of this suit destroyed with the knowledge of plaintiff and without objection by him for the sake of preserving peace in the family," and entered a decree in accordance with the contention of the defendant. *Held*, that the finding must be taken to mean that the plaintiff consented to the cancellation of the instrument, and that an exception, taken by the plaintiff, to the admission of the defendant's testimony that he did ·not read the instrument before he signed it, was immaterial.

BILL IN EQUITY, filed November 21, 1898, against Willard C. Stilson and Frances E. Stilson, his wife, to have a trust declared in favor of the plaintiff in one undivided third part of a tract of land in Winchester, described in the bill, and for a conveyance to him thereof.

The case was tried before *Lilley*, J. The exceptions were allowed by *Braley*, J., after Judge *Lilley's* resignation.

A copy of an agreement under seal was annexed to the bill by the terms of which the first named defendant agreed to the plaintiff's contention as set forth in the bill, that the whole of the undivided third interest in land described in the bill was held by the defendant solely for the plaintiff's benefit. This defendant testified in his own behalf, that he signed such a paper in great haste, being urged to do so by the plaintiff just as the plaintiff was leaving to catch a train. The defendant was then asked by his own counsel whether or not he read the paper before signing it. The plaintiff objected, on the ground that there was a presumption of law that the defendant knew the contents of the paper which he signed and that there was no allegation in the answer to justify any evidence of false representation as to the contents of the paper. The judge ruled that the witness might answer the question " as a part of the history of the transaction." · The defendant answered, " I did not." The plaintiff excepted.

The judge made the following finding of fact:

" Upon all the evidence I find that at the time the deed of one undivided third of the land in question was made and delivered to the defendant, the plaintiff and the defendant agreed that the latter should hold such undivided third for himself and the plaintiff in the proportion of one half thereof (that is, one undivided sixth of the whole) to each, and that the defendant now holds said undivided third under said agreement. That the agreement annexed to plaintiff's bill was subsequently to the time of execution thereof and before the bringing of this suit destroyed with the knowledge of plaintiff and without objection by him for the sake of preserving peace in the family."

The judge entered a decree requiring the defendant to convey to the plaintiff one undivided sixth of the land in question, instead of one third as prayed by the plaintiff, upon the payment of certain sums expended by the defendant on account thereof.

The plaintiff alleged exceptions.

*H. P. Fellows & S. H. Tyng*, for the plaintiff.

*H. G. Allen & L. E. Partridge*, for the defendants.

LATHROP, J. The finding of the judge in this case that the agreement on which the plaintiff relies was, subsequently to the execution thereof, and before the bringing of the suit, destroyed with the knowledge of the plaintiff and without objection by him for the sake of preserving peace in the family, renders the exception taken by the plaintiff to the admission of evidence that the first named defendant signed the instrument in question without reading it immaterial. In the light of the decree the finding must be taken to mean that the plaintiff consented to the destruction of the covenant and thereby ended his right.

*Exceptions overruled.*